THURSTON v. CARTER.

[No. 12,847. Filed April 8, 1927. Rehearing denied June 28, 1927. Transfer denied June 21, 1928.]

*F. Neal Thurston* and *Ed. K. Adams,* for appellant.
*Featherngill & Drybread,* for appellee.

McMAHAN, C. J.—Appellant and appellee are the owners of adjoining farms. A part of each farm is drained by a tile ditch, the lower portion of which runs through appellant's farm. The tile for a considerable distance on appellant's land was not laid a sufficient depth, and the parties entered into a written agreement by the terms of which appellee was to relay the tile on appellant's land, and the latter agreed that, after said tile on his land was so relaid, he would keep the same

open so that the water would flow freely and unobstructed through the same. Appellant having failed to keep the tile open and unobstructed, appellee brought this action against appellant for damages because of his failure to keep the tile open as he had agreed. There was judgment in favor of appellee; hence this appeal.

Appellant contends that the contract in question simply gave appellee an easement, and did not obligate appellant to maintain or repair the drain, but that it was appellee's duty to repair his easement. There is no merit in this contention. The contract expressly requires that appellant shall maintain and keep the ditch on his land open so the water will flow freely and unobstructed through the same. He cannot, by his refusal to perform, throw the burden of keeping the ditch open on appellee. Appellee was not required to go upon appellant's land and expend any money or do any act to secure for himself the enjoyment of a legal right of which he was being deprived by the wrongful act of appellant. *Niagara Oil Co. v. Ogle* (1912), 177 Ind. 292, 98 N. E. 60.

Appellant's contention that the damages should be limited to the cost of making the repair cannot prevail. The duty was on appellant to make the repairs and, having failed so to do, he is liable for such damages as might reasonably and naturally be expected to flow from his failure to keep the ditch open. Appellant knew the ditch was in need of repair and although he had been urged by appellee to make the necessary repairs he failed and neglected to do so. In this connection, appellant says in case the party in default is liable for the full damages resulting from a failure to repair, the measure of such damages is the difference between the rental value of the property with the repairs and its rental value without the repairs. No attempt has been made to show that the trial court

did not adopt and apply the theory contended for by appellant. A reference to the evidence discloses that the witnesses testifying on this subject gave their opinions as to the rental value with and without the repairs. The fact that some of the witnesses described the character of the crops raised on the land affected by the ditch in question, and also described the crops on other lands of like quality not affected by this ditch, does not show the court adopted a wrong theory in assessing the amount of damages.

Complaint is also made of the action of the court in allowing a supplemental complaint to be filed and in the admission of certain evidence. No evidence appears to have been introduced after the filing of the supplemental complaint, so no harm is shown as a result of such action. In so far as the complaint about the admission of the evidence is concerned, no question is presented. There has been no attempt to set out in the brief any of the testimony of the witness in question. So far as we are advised, the witness did not answer the question, and, if answered, there is no showing that the answer was harmful.

Judgment affirmed.

Dausman, J., absent.